MARVIN McLAIN v. THE STATE.

No. 2809.   Decided November 26, 1913.

**1.—Local Option—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence failed to show that defendant sold any whisky, the conviction could not be sustained.

**2.—Same—Allusion to Defendant's Failure to Testify.**

Where, upon appeal, it was shown by the record that the jury discussed appellant's failure to testify while considering the case, the same was reversible error.

Appeal from the County Court of Anderson.   Tried below before the Hon. W. I. Sims.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

· *Kay & Seagler,* for appellant.—On question of misconduct of jury: Tate v. State, 42 S. W. Rep., 595; Wilson v. State, 46 S. W. Rep., 251.

On question of insufficiency of evidence: Wilson v. State, 154 S. W. Rep., 571; Burrell v. State, 125 S. W. Rep., 575; Cooper v. State, 105 S. W. Rep., 1126; Britton v. State, 100 S. W. Rep., 148; Adams v. State, 85 S. W. Rep., 1097.

*C. E. Lane,* Assistant Attorney-General, and *J. J. Strickland,* for the State.—On question of misconduct of jury: Mason v. State, 81 S. W. Rep., 721; Leslie v. State, 49 S. W. Rep., 74; Jenkins v. State, 93 S. W. Rep., 728.

On question of sufficiency of evidence: Adams v. State, 85 S. W. Rep., 1079; Burrell v. State, 125 S. W. Rep., 575.

DAVIDSON, JUDGE.—Appellant prosecutes this appeal from a conviction for violating the local option law.

Two grounds are presented, first, the evidence is insufficient; second, the jury discussed appellant's failure to testify while considering the case. Taylor, the alleged purchaser, testified for the State that in November, 1912, he, defendant, and McDaniel were talking together in Frankston, Anderson County. McDaniel remarked that he wished he had some whisky and asked the defendant if he knew where he could get it. Appellant answered he thought he could find some. Witness and McDaniel gave appellant $1.25, the witness putting in seventy-five cents and McDaniel fifty cents, and he says, "I think the defendant gave twenty-five cents. I did not see him put up the money, but my best recollection is that he said he would throw in twenty-five cents, and that amount was all he had." He and McDaniel gave defendant the money. He went away, and in about twenty or thirty minutes returned with a quart of whisky, which they drank. On cross-examination he was asked the direct question: "Did you ever buy any whisky from Marvin McLain? A. No, the only time I ever got any whisky from Marvin McLain was some time in November, 1912. We had been drinking whisky on that day, and we were all near Mr. McDaniel's picture gallery. Mr. McDaniel remarked that he wished he had some whisky and asked the defendant if he knew where he could get some. The defendant answered that he thought he did. Mr. McDaniel said he would go fifty cents, and I said I would go seventy-five cents, the defendant said he would go a quarter, and said he would try and find some. We handed him our part of the money and he went off towards the depot and returned with a quart of whisky. Yes, I know the price of whisky in and around Frankston; it costs $1.50 a quart. There had been a lot of negroes charged with bootlegging around there. I did not know whether they plead guilty or not." McDaniel testified the same as did Taylor, almost literally. John McLain testified he was appellant's brother, and was in Frankston the day appellant got whisky for Taylor and McDaniel. His brother came

to him and asked him if he knew where he could get some whisky.   He informed him and they went to the depot, where witness had seen a negro some time before that hanging around the express office; when they reached the depot the negro was leaving, going north up the railroad track, with a bundle or package.   They followed, overtook and bought from him a bottle of whisky, his brother paying $1.50 for it.   His brother then went back up town, etc.   This is the case, and we are of opinion appellant's contention is correct, that the State is not entitled to a conviction.   These facts are uncontroverted, and in fact it is all the evidence there is in the record.   They do not support a conviction.   No witness testified appellant sold any whisky.   All the evidence shows that he, Taylor and McDaniel put up $1.50 and appellant went and bought the whisky with it and paid $1.50 for it, and they drank it.   It is unnecessary to cite authorities.   On the second proposition, discussion of appellant's failure to testify, we believe the judgment should be reversed, but it is unnecessary to discuss it.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*