## J. D. Shaw v. The State.

### No. 2595. Decided June 25, 1913.

### Rehearing denied November 5, 1913.

**1.—Murder—Manslaughter—Charge of Court—Insulting Words.**

Where, upon trial of murder, the evidence did not raise the issue of manslaughter, there was no error in the court's failure to charge thereon. Insulting words alone do not constitute adequate cause, without which the homicide can not be manslaughter.

**2.—Same—Different Degrees of Murder—Legislative Intent.**

The Act of the Thirty-third Legislature shows that it was not the intention or purpose of the Legislature to repeal the law constituting what has heretofore been known as second degree murder, but simply to change the name of murder in the second degree to murder and fix the punishment for such an offense.

**3.—Same—Penalty Under Former Law.**

The fact that appellant would have the right to demand to be tried under the penalty fixed by the old law would not be cause for reversal in this case, no such demand having been made.

Appeal from the District Court of Freestone. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of murder in second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Boyd, Bell & Fryer* and *R. M. Edwards,* for appellant.—On question of the court's failure to charge on manslaughter: Pollard v. State, 73 S. W. Rep., 953; Beckham v. State, 69 S. W. Rep., 534; Whittacker v. State, 12 Texas Crim. App., 443; Neyland v. State, 13 id., 547; Best v. State, 58 Texas Crim. Rep., 327, 125 S. W. Rep., 909.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Júdge.—Appellant was prosecuted and convicted of murder in the second degree and his punishment assessed at five years in the penitentiary.

Although requested so to do, the court refused to submit the issue of manslaughter, and the main contention is that the court erred in not so doing. If the evidence offered in behalf of appellant raises this issue, although the State's evidence would make it an aggravated case of murder in the second degree, it would be error to refuse to submit the issue. Appellant testified, and the other witnesses testifying in his

behalf would support his contention, that he and deceased had been friends; that while he was not aware of it at the time, yet, as a fact, two of their sons had had previous trouble; that he and his son started from the sorghum mill, where he and deceased had both been at work, to go home; that he and his son got in the buggy, and his son set the gun down, when Sam Tilley came running to the buggy, with an elm club in his hands and said, "Sam Shaw, I am going to knock you out of the buggy, you son-of-a-bitch," and Sam Shaw replied: "You stop there." Appellant says deceased then came up and said, "Stop, Sam Shaw, you can't call him (Sam Tilley) a bastard." That he rolled up his sleeves and cursed appellant's son, Sam Shaw, when appellant expressed a desire to stop the matter, and deceased, he says, ran between his buggy wheels, popped his fist in his hands, cursed them both and said he could whip both of them, calling them both d—n s—n of a b—s. That appellant then secured the gun, stepped out of the buggy, and when deceased advanced, pushing up his sleeves, he requested him to stop; that deceased did not stop but he and Sam Tilley both advanced on him, Sam having a heavy club in his hands in a threatening attitude, deceased at the time advancing rolling up his sleeves, when appellant shot him. The court charged on self-defense and his right to kill if those facts were true, telling the jury that if it reasonably appeared to appellant from the acts and conduct of deceased or Sam Tilley, or either of them, that they or either of them was about to make an attack on him, to acquit him. There is no sort of complaint as to the charge on self-defense, the court having virtually given the charge requested by appellant, but appellant insists that this evidence raises the issue of manslaughter as well as self-defense. Article 1131 of the Penal Code provides that insulting words alone do not constitute adequate cause to reduce an offense to manslaughter, and in Clore v. State, 26 Texas Crim. App., 624, it is held that sudden passion, though overpowering the reflective qualities of the mind, will not, unless produced by what is in law adequate cause, reduce a homicide to the grade of manslaughter, it being so provided in article 1137. See also McKinney v. State, 8 Texas Crim. App., 626; Hill v. State, 11 Texas Crim. App., 456; Neyland v. State, 13 Texas Crim. App., 536; Childers v. State, 33 Texas Crim. Rep., 509; Eggleston v. State, 59 Texas Crim. Rep., 542. There being no issue of manslaughter in the case, the complaints of the charge of the court on murder in the second degree present no error, appellant being assessed the lowest penalty for that offense. There are in the record no exceptions to the introduction or rejection of testimony, and no bill to the remarks of the county attorney complained of in the motion for new trial. If the county attorney used such remarks it would be necessary to verify that part by a bill of exceptions before we would be authorized to review it.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 5, 1913.

HARPER, JUDGE.—At a former day of this court this case was affirmed and appellant has filed his motion for a rehearing, restating many of his former assignments and in addition thereto, insisting that this cause should now be reversed because the Act of the Thirty-third Legislature màde all killings with malice aforethought murder, without making different degrees of murder. He insists that that Act repealed murder in the second degree and that the repealing statute substituted no other penalty for the offense which was heretofore designated murder in the second degree. This opinion will be confined to a discussion of this last proposition as all the others were thoroughly reviewed in the original opinion.

Prior to the Act of the Thirty-third Legislature, page 238, relating to murder, the law provided that "every person of sound memory and discretion who, with malice aforethought, shall unlawfully kill ·any reasonable creature in being in this State shall be guilty of murder"; and following this law were articles which defined murder in the first degree and murder in the second degree, and which were repealed by the Act of the Thirty-third Legislature referred to and which was substituted for those articles. The new Act above mentioned, passed by the Thirty-third Legislature repeals articles 1140, 1141, 1142, and 1144, Revised Penal Code of the State of Texas, 1911, and inserts in lieu thereof articles 1140 and 1141 which read as follows:

"Article 1140: Every person with sound memory and discretion who, with malice aforethought, shall unlawfully kill any person within this State shall be guilty of murder. Murder is distinguished from every other species of homicide by the absence of circumstances which reduce the offense to negligent homicide or manslaughter, or which excuse or justify the homicide.

"Article 1141: The punishment for murder shall be death, or confinement in the penitentiary for life, or for any term of years not less than five.

"All laws and parts of laws in conflict herewith are hereby repealed.

"The fact that the present law defining murder divides the same into two degrees, to wit: first degree murder and second degree murder; and the fact that such definitions of murder or divisions of murder are creating complications in the trial of those charged with murder, creates an emergency," etc.

It is clear from the whole Act referred to, and especially from the third section or paragraph thereof, that it was not the intention or purpose of the Legislature to repeal the law constituting what has heretofore been known as second degree murder without, at the same time, substituting another penalty for that offense. The third section of this Act clearly shows what was intended to be done by the Legislature,—simply to change the name of murder in the second degree

to murder and fix the punishment for such offense. It is true that if this cause were reversed and sent back to the lower court for another trial, appellant would have the right to demand to be tried under the penalty fixed by the old law, as the penalty there fixed was a less penalty for the offense committed by him than the one now fixed by the Act of the Thirty-third Legislature; but this fact would not entitle him to have his case reversed by this court nor dismissed by the trial court. See arts. 15, 16, 17, and 19, Revised Penal Code, 1911. Also Roberts v. State, 17 Texas Crim. App., 148; Gill v. State, 30 Texas Crim. App., 514; Ezzell v. State, 29 Texas Crim. App., 521; Walker v. State, 7 Texas Crim. App., 245; Simms v. State, 8 Texas Crim. App., 230: Myers v. State, 8 Texas Crim. App., 321.