NORMA PIERCE V. THE STATE.

No. 11405.　Delivered March 7, 1928.

Rehearing denied May 2, 1928.

1.—Robbery With Firearms—Oral Confession—Properly Admitted.

Where appellant, accused of robbery, after her arrest, made an oral confession in which she told where the pistol with which she robbed prosecuting witness was located, together with the money secured by her in the robbery, and the officers thereafter found the pistol and $27.00 of the money as a result of the statements made, the oral confession was properly admitted in evidence.

2.—Same—Continued.

It is the well recognized rule that where a confession not otherwise admissible in evidence becomes admissible, where in connection with such confession the accused makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property. See Underhill's Crim. Ev. (3d Ed.), par. 230; Art. 727, C. C. P., 1925; Fielder v. State, 40 Tex. Crim. Rep. 184, and other cases cited.

3.—Same—Evidence—Erroneously Admitted—Error Cured.

Where, on a trial for robbery, a witness in response to the District Attorney's question, stated that appellant admitted holding up two places, and the court immediately instructed the jury to not consider the answer, no reversible error is presented. See Wofford v. State, 122 S. W. 929, and Alexander v. State, 49 S. W. 229.

4.—Same—Evidence—Written Confession—Not Introduced—Not Available to Defendant.

Where a written confession made by appellant was not offered in evidence on the trial and no limitation was placed by the court on the examination of appellant or any other witness with reference to such statement, there was no error in refusing to compel the District Attorney to deliver such confession to counsel for appellant to be used as evidence. See Taylor v. State, 87 Tex. Crim. Rep. 338, and St. Clair v. State, 284 S. W. 572.

**5.—Same—No Error Disclosed.**

On rehearing, a careful re-examination of the record in the light of appellant's motion for rehearing, we are of the opinion that on the original hearing the proper disposition of the appeal was made, and the motion for rehearing is overruled.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*Johnson, Moore & Lindsey* and *W. E. Meyers* of Fort Worth, for appellant.

*Jesse E. Martin*, Criminal District Attorney; *Arthur L. Moore*, Assistant Criminal District Attorney of Tarrant County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense robbery with firearms, penalty ten years in the penitentiary.

Prosecuting witness was hijacked and robbed of $30.00 in Fort Worth by a woman. About three hours later appellant, in company with one McLean, was arrested on the Decatur road out of Fort Worth a short distance. She was identified by prosecuting witness as the party who had robbed him. Appellant, shortly after her arrest, made an oral confession in which she told where the pistol with which she robbed prosecuting witness was located, together with the money which she took from said witness. The officers afterwards found the pistol and $27.00 of the money as a result of the statements in her confession.

The admission of this unwarned verbal confession was not erroneous, as claimed by appellant.

"If, however, the existence of extraneous facts is discovered through the statements of the accused, no reason exists for rejecting those parts of the confession which led to the discovery, and which, though not voluntarily made or obtained by improper means or for any reason inadmissible, have been corroborated convincingly by the facts discovered." Underhill's Crim. Ev. (3rd Ed.), par. 230. Art. 727, C. C. P., 1925, renders such a confession of accused inadmissible "unless in connection with said confession he makes statements of facts or circum-

stances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property." See also Fielder v. State, 40 Tex. Crim. Rep. 184; Windham v. State, 67 Tex. Crim. Rep. 666, and authorities collated at p. 827, Vol. 2, Vernon's C. C. P.

By an answer in response to the District Attorney's question, the witness Wyatt stated that appellant admitted holding up two places. The court immediately instructed the jury to not consider the answer. Appellant's bill of exception fails to negative the idea that the two holdups were not so related as to be admissible. Such statement of the witness was only a casual reference, however, to the two holdups, and even if the bill were sufficient, we cannot believe the matter, in view of the prompt action of the court, constitutes reversible error. Wofford v. State, 132 S. W. 929; Alexander v. State, 49 S. W. 229.

Bill No. 6 raises the question of error of the trial court in refusing to turn over to appellant to be used as evidence the written statement made by appellant to the Assistant District Attorney shortly after her arrest. No part of such statement was made an issue on the trial and none of its contents were used against appellant. She was asked about making the same explanation to the Assistant District Attorney of her possession of the money found on McLean as she made on the trial, and she admitted in answer to such question that she made no such explanation at that time. This is as far as the examination went with reference to such statement, except she was asked if she signed it. If the writing had been produced, the absence of this from the statement could not have helped her. No part of the statement was introduced in evidence and no limitation was placed by the court on the examination of appellant or any other witness with reference to such statement. Under these circumstances there was no error in the court's action. Taylor v. State, 87 Tex. Crim. Rep. 338; St. Clair v. State, 284 S. W. 572, and authorities there cited.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—After a careful re-examination of the record in the light of the appellant's motion for rehear-

ing, we are of the opinion that on the original hearing the proper disposition of the appeal was made. A discussion of the points raised in the motion would be but a reiteration of the matters set forth in the original opinion.

The motion is overruled.

*Overruled.*