BISHOP. ADAMS v. THE STATE.

No. 12835. Delivered November 20, 1929.
Rehearing denied January 29, 1930.
Reported in 24 S. W. (2d) 48.

The opinion states the case.

*Jerome Sneed, Jr.,* and *G. A. Martins,* both of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, death.

Deceased was a grocery merchant in the town of Austin. About 9:30 on the morning of the killing he was seen reading a newspaper in front of his place of business. About an hour thereafter a customer found the door fastened. The customer called for deceased once or twice and knocked on the door. It was finally opened by the deceased, who was unable to speak. He was shown to be covered with blood, his throat cut from ear to ear, the larynx being completely severed, the wound extending down to the vertebrae. A bruised place was also observed on his head. He died from his wounds a few hours later, after being taken to the hospital.

A brief statement of the incriminating facts against appellant are as follows:

About 9:30 appellant, who is a negro, left his rooming place to telephone and was told by his landlady to bring her some chicken

feed. When the store of deceased was entered about an hour or so later than this, a sack of chops was found near the door and beside it a small scoop and paper sack partly filled with chops. On the sack of chops was a bloody rock. A bloody razor was found in the corner of the building partly hidden under a sack of charcoal. Near the door was much blood on the floor. There was blood on the cash register. The money drawer had been pulled out and blood was found on it. The screen on the back window had been kicked out and a footprint was observed on the outside of the building immediately under the window. There was some blood found at this entrance. Appellant was arrested that night and had on a pair of shoes and socks, each of which had blood spots on them. He admitted to the officers that he had stolen three dollars in money from the deceased's store and that he had something like a dollar of it left, which he had hidden in a trash box on the back porch at his landlady's house. Officers going to this place, found the dollar and two cents at the exact spot where appellant had admitted he had hidden it. As a result of his statements, officers found in his room an overcoat, the sleeves of which appeared to have been freshly washed and upon which there still remained spots of blood. There they also found an empty razor case. Appellant after the killing exhibited concern about the death of deceased, asking repeatedly some of the nearby neighbors if deceased was dead and if he could talk. He rubbed his hands nervously. He told one witness that he would not go to San Antonio since he was a stranger and might be suspected of the killing. He wore a brown overcoat and was small in stature. About ten o'clock a man was seen at the back of the store of deceased and apparently leaving same who was described as about appellant's size and wearing a coat which fit the description of that worn by appellant. He averted his face and the witness was not able to see it.

By Bill of Exception No. 6 appellant presents the alleged error of the Court in refusing to permit him to ask the District Attorney certain questions, the purport of which seems to have been to show that appellant had made a confession to the District Attorney but in which certain circumstances were set up which would have at least mitigated the penalty. The expected answers are not set up and the bill presents nothing for review. However, if such answers had shown the facts which may be implied from the questions, there would have been no error in the action of the Court. The District Attorney had made no use of this confession during the trial in the

presence of the jury, if any he had, and nothing appears in the record which would have made same material, and supplying by inference what is omitted from the bill, the Court's action was correct. Taylor v. State, 87 Tex. Crim. Rep. 338; St. Clair v. State, 104 Tex. Crim. Rep. 423; Pierce v. State, 5 S. W. (2nd) 516.

The trial court permitted officers to testify as to the appellant's statements to them while under arrest to the effect that he had stolen three dollars in money from the store of deceased and hid it, as set out in the above statement of facts, and that as a result of such statement the money was found at the place where appellant had told them he had hidden same. The objection to this testimony was that it was a statement given without proper warning and while appellant was in custody of the officers. It has been many times held that if in connection with a confession the accused makes statements of facts or circumstances that are found to be true which conduce to establish his guilt, such as a finding of secreted or stolen property, same is admissible. Underhill's Criminal Evidence, (3rd Ed.), Paragraph 230; Fielder v. State, 40 Tex. Crim. Rep. 184; Pierce v. State, 5 S. W. (2nd) 516.

A bystanders' bill appears in the record as well also as a substitute bill filed by the Court in lieu of an original bill presented by appellant, both of which relate to the same matter. The bystander's bill of appellant is attested by only two witnesses. A motion for certiorari has been filed asking that the record be perfected by a writ commanding the Clerk of the District Court of Travis County, Texas, to forward to this Court a perfected transcript so as to show a bystander's bill now on file in the District Court of Travis County, Texas, and properly attested by three witnesses. Appellant avers that after the Court filed his substitute bill, he was unable to get the third bystander for the reason that the party with whom he had made arrangements to sign and swear to same had in the meantime married and was off on his honeymoon and did not return for about thirty days and too late for him to file same within the ninety days allowed him for perfecting his appeal. As already stated, the bill found in the transcript is attested by only two witnesses. This is insufficient under the statute and authorities. Art. 2237, Subdivision 9, R. C. S. (1925); Gillespie v. State, 85 Tex. Crim. Rep. 4. It seems plain that the facts averred to excuse non-compliance with the statute are clearly insufficient. They amount to no more than an allegation that appellant was disappointed in securing the signature of a third person. The question seems to need no elaboration and we consider the mere statement of the facts as sufficient to

demonstrate that we would be without authority to consider this bill of exception. The substitute bill filed by the Court shows no error, and being bound by same, we overrule appellant's contention.

Motion was made by appellant in the court below to quash the special venire writ and to discharge the prospective jurors whose names appeared thereon, alleging in said motion many grounds, only one of which we deem necessary to notice.

In the first paragraph of appellant's motion it is alleged in substance that the special venire in the instant case was not drawn by the Clerk under the supervision of the Judge of the District Court, as provided by law, but was in fact drawn from the jury wheel by the Sheriff of Travis County. The Court qualifies this bill to show that under his direction the Deputy Sheriff drew from the jury wheel the names of jurors to be placed on the venire list in his presence and under his direction and that he handed same to the Deputy District Clerk, who immediately made a triplicate typewritten list of same. The same question apparently was raised in the case of Indian Pocket v. State, 5 Tex. Crim. App. 552, and the Court in disposing of it uses the following language in part:

". . . and the names of the jurors were drawn from this box by one Green, who was a deputy-sheriff, in the presence of the judge, in open court, whilst the clerk simply recorded the names so drawn. . . . How the defendant could possibly have been injured in any manner by the fact that the deputy-sheriff drew the names from the box cannot be perceived."

Appellant's contention is in our opinion without merit.

Other bills of exception have been qualified by the Court and such qualifications acquiesced in by appellant. These qualifications destroy the merit of these bills and we cannot believe that any useful purpose could be served by a consumption of space in their discussion.

Since the bill which is set up in appellant's motion for certiorari could not be considered by us if it were properly shown in a transcript, we overrule appellant's motion.

Finding no error in the record and believing the evidence sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This court has no way of knowing the materiality, or of estimating the probable effect, even if admissible, of what appellant may have said to the officers in his confession. Same was not in testimony. It was not set out in bill of exceptions No. 6, which complains because the defense was not allowed to ask the officers to state it. Ordinarily what was said by the defendant which was exculpatory or in his own behalf, would be deemed self-serving. We do not need to cite authorities upon the insufficiency of this bill. If we are to act favorably on complaints against fairness of trials, the bill of exceptions must be so drawn as to afford us a reason for so acting. The State not having used any part of the confession, and the bill taken to the court's refusal to allow appellant to introduce same, not showing what was said or desired, we have no option but to uphold our disposition of this matter in the original opinion.

This court has no right or power to override plain statutory requirements, nor to overturn the settled and correct interpretations heretofore placed upon the law, because we may feel regret that in a particular case a failure to comply with the requirement of the statute may appear to have worked harm to the accused. Our statutes require the verification of bystanders' bills of exception by three bystanders. In this case bystanders' bill No. 1 was verified but by two. Appellant attempts to show that he had arranged with the third bystander to swear to this bill, but that said party left the county and state and had not returned at the time this transcript was filed in this court. There is no showing that there was not other bystanders. Such being the law, no matter how diligent the effort of appellant's attorney to get the affidavit of a third bystander, if not secured, we can not consider such bill. We observe that the transcript in this case was held by the clerk of the trial court until ninety days after the overruling of the appellant's motion for new trial before filing same in this court.

We said in McCoy v. State, 2 S. W. (2d) 244, that in the absence of statutory declarations requiring the official court stenographers to take down other matters than those enumerated in the statute, this court would have no right to revise the exercise of the discretion of the trial court in such matter. It appears that appellant's counsel asked the trial court to have the stenographer take down the argument of the State's attorney. This bill is qualified by the trial

court by the statement that when the request was made the court asked appellant's counsel to see him later about it and that this was not done. If the trial court had peremptorily refused, we would have been powerless to review his action in the premises.

We do not know of any way by which matters can be read into a record on appeal to this court which were not in the record or a part of the papers or docket entries in the court below at the time this record was made up and which were left out. This court can not grant a writ of certiorari for the purpose of having things written, entered or done after the expiration of the trial term, which were desired to be put into the record and have considered by us.

Being of opinion that the case was properly decided in the original opinion, the motion for rehearing will be overruled.

*Overruled.*