## JOHN DE VAULT V. STATE.

No. 26,586. December 2, 1953.

Motion for Rehearing Denied February 3, 1954.

*William H. Scott, Jr.,* and *Thos. M. Mobley,* Houston, for appellant.

*William H. Scott,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, twenty years.

State witnesses Lewis and Stewart testified that deceased

and appellant were seated on stools at a bar on the night in question; that words ensued between them; that deceased left the bar and went into a store room adjacent thereto; that the appellant drew his pistol; that those present at the tavern hollered "Don't shoot," but that appellant followed the deceased and immediately thereafter they heard a shot fired; that appellant emerged from the store room, pistol in hand; that they entered and found the deceased unarmed, mortally wounded, and alone in the store room.

Appellant testified in his own behalf that the deceased cursed him and said that he was going to kill him; that he followed the deceased to the door of the store room; that deceased threw a beer bottle at him, which hit the door facing and broke, "and I looked back again to see what he was doing and he was in a crouch as if he had a pistol"; that the deceased advanced upon him; that he pulled a pistol and fired. Appellant at no time testified that he saw what the deceased had in his hand, if anything. We quote from appellant's testimony on cross-examination:

"Q. You say you thought he had a pistol because he was bent over? A. Yes, sir.

"Q. Was that the only thing that lead you to believe he had it, the fact he was stooped down? A. He went in the dark."

Later we find the following:

"Q. As a matter of fact when you shot him he was bending over trying to hide? A. No sir, he was in a crouch as if to throw another bottle."

The court charged generally on the law of self defense. The appellant requested a charge incorporating the terms of Article 1223, P. C., which was by the court refused.

It has been the consistent holding of this court that before the presumption of said article comes into play there must be a showing (1) that the deceased had a weapon, (2) that such weapon in the manner of its use was calculated to cause death, and (3) that the deceased was using the weapon to make an assault upon the appellant at the time the appellant fired the fatal shot. Gunn v. State, 95 Texas Cr. Rep. 276, 252 S. W. 172; Threadgill v. State, 156 Tex. Cr. Rep. 157, 239 S. W. 2d 813; and Smith et al v. State, 156 Tex. Cr. Rep. 253, 240 S. W. 2d 783.

The record before us fails to reveal any of the three requisites set forth above, and we find no error in the action of the trial court.

Apellant moved to quash the venire because of certain alleged irregularities in the manner of drawing the same.

Special venires are selected in Harris County in accordance with the terms of Article 591, C. C. P.

Appellant's first complaint relates to the last phrase of such article, which reads, "and the cards bearing the names of the men not impaneled shall again be put by the Clerk in the wheel containing the names of eligible jurors."

At the hearing on the motion to quash it was established that, in accordance with the practice in Harris County, once a venire was drawn the names of those who did not serve as many as four days were not returned to the jury wheel. It was further established that when the jury wheel was filled in August, 1952, it contained in excess of 317,000 names; that this venire was drawn on December 18, 1952, and on said date 2,875 names had been drawn from the wheel, none of whom had served more than four days, so that there were in the wheel on said date approximately 314,125 names.

In 1914 this court had occasion for the first time to write on the question of irregularities in the filling of a jury wheel. Vasquez v. State, 76 Tex. Cr. Rep. 37, 172 S. W. 225. There we said that if it appeared from the record that the officers had intentionally omitted to place in the wheel the name of any qualified juror, then the motion to quash should have been sustained. It is obvious from the testimony of the officers who drew this venire that they were acting under a misapprehension as to the requirements of this statute and that they were, at the time of this hearing, in the process of correcting their procedure in order to comply with the statute since their attention had been directed to their error. There is no evidence of discrimination and no evidence of any arbitrary or capricious conduct on the part of the officers involved in maintaining the jury wheel.

The Vasquez case further discusses injury to the appellant.

The proportion of those drawn from and not returned to the wheel to the number in the wheel at the time of the drawing

of this venire is infinitesimal. We do not think we could say in good sense that an accused was injured by a mere showing that his venire was drawn from a wheel containing 314,000 names when it should have contained 317,000 names.

We overrule the appellant's contention in this respect.

Appellant's next complaint arises over the procedure employed by the officers in drawing the names of the veniremen from the wheel. The bill of exception recites that Judge King, of the Criminal District Court No. 2 of Harris County, was supervising the drawing of the instant as well as another special venire; that he drew a handful of cards from the wheel, and the bailiff drew a handful of cards and placed them in another cigar box; and that the names in such boxes were typed by the deputy district clerk and became the two separate venire lists. Appellant contends that this is not in accordance with the terms of the statute which says "and prepare a list of such names in the order in which drawn from the wheel." Applying the same reasoning we employed in discussing appellant's last contention, we cannot bring ourselves to conclude that, in the absence of a showing that the trial judge refused to have the clerk shuffle and draw the names of the veniremen before the selection of a jury began, it would be reversible error for the officer drawing the names from the wheel to draw them all in one handful rather than making 150 trips to the wheel. There is no showing here that effort was made by those preparing the list to place any name ahead of another or to thwart the element of chance embodied in the statute or that the manner in which the venire list was drawn resulted in harm to appellant.

Adams v. State, 114 Tex. Cr. Rep. 494, 24 S. W. 2d 48, disposes of appellant's contention that it was improper for the bailiff to participate in the drawing from the wheel.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant has filed a motion for rehearing herein and therein disagrees with our original opinion in two particulars: First, he again reiterates the proposition that the trial court should have charged the jury on the terms of Article 1223 of the Penal

Code, which he refused to do; and in the second proposition he contends that the statute relative to the drawing of jury venires from the wheel as is provided for Harris County has not been complied with.

Both of these propositions were discussed in our original opinion and we have no desire to recede from our ruling therein.

We see no reason why we should write further on this matter but merely reiterate what we have heretofore said herein.

We remain of the opinion that the matter has been properly disposed of, and the motion for rehearing is therefore overruled.