CHARLES ELROY WILLIAMS V. STATE

No. 28,769. January 16, 1957.
Appellant' Motion for Rehearing Overruled
(Without Written Opinion) March 6, 1957.

*James T. Maroney, Jr.,* Lufkin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $100.00.

No statement of facts accompanies the record.

The sole question presented for review is the action of the trial court in overruling the motion to quash the jury panel predicated upon the presence of a person not named in the statute at the time the panel was drawn from the jury wheel. In addition to the county judge, the county clerk, and the deputy sheriff, named in that portion of Article 2096, V.A.C.S., which relates to the drawing of a panel for the county court, the bill recites that the district clerk was present, drew the cards out of the wheel, and handed them to the county clerk.

Appellant in his brief relies upon the language employed by this court in the opinion in Williams v. State, 96 Texas Cr. Rep. 144, 256 S.W. 601, wherein the court said:

"The irregularity of permitting the presence of one not named in the statute might, under circumstances, be sufficient to justify the quashing of the jury panel or venire, but if the state meets the burden seemingly imposed upon it by proof of such irregularity, by showing that nothing was done or occurred from which an injury could result, we would not think it proper to quash said venire."

It is his contention that the above quoted sentence should be held to mean that reversible error is reflected unless the state assumes the burden of showing no injury.

This court does not appear to have agreed with appellant's contention or with the dicta in the Williams case because recently in DeVault v. State, 159 Texas Cr. Rep. 360, 264 S.W. 2d 126, the following was said:

"There is no evidence of discrimination and no evidence of any arbitrary or capricious conduct on the part of the officers involved in maintaining the jury wheel.

\*   \*   \*   \*

"\* \* \* \* There is no showing here that effort was made by those preparing the list to place any name ahead of another or to thwart the element of chance embodied in the statute or that the manner in which the venire list was drawn resulted in harm to appellant."

In this case, we cited Adams v. State, 114 Texas Cr. Rep. 494, 24 S.W. 2d 48, with approval. See also Stalcup v. State, 99 Texas Cr. Rep. 415, 269 S.W. 1044, and Vasquez v. State, 76 Texas Cr. Rep. 37, 172 S.W. 2d 225.

We have concluded that, in the absence of a showing of injury to the appellant, the presence and participation of the district clerk in the drawing would not call for a reversal of this conviction.

The judgment of the trial court is affirmed.