

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 22, 1961

Honorable Richard E. Rudeloff
County Attorney, Bee County
Beeville, Texas

Opinion No. WW-1198

Re: Whether the County Court of Bee
County can legally draw a jury
from the jury wheel during the
current term of court, to be
used during such term.

Dear Mr. Rudeloff:

You have requested the opinion of the Attorney General
as to whether, when a jury wheel county, for reasons not here
relevant, did not have a jury list during the preceding year and
has now prepared a proper jury list and placed the same in the
jury wheel at the proper time, i.e., between August 1 and August
15, and the County Court term began the third Monday in July, a
legally qualified jury may be drawn for such County Court from
such jury wheel in the face of Article 2096, Vernon's Civil Stat-
utes, which states that the panel for the week be drawn not less
than 10 days prior to the first day of a term of Court. Article
2096, Vernon's Civil Statutes, reads in relevant part as follows:

"Not less than ten (10) days prior to the
first day of a term of court, . . . the clerk
of the county court, or one of his deputies, and
the sheriff or one of his deputies, in the pres-
ence and under the direction of the county judge,
if the jurors are to be drawn for the county
court, shall draw from the wheel containing the
names of jurors, after the same has been well
turned so that the cards therein are thoroughly
mixed, one by one the names of thirty-six jurors,
or a greater or less number where such judge has
so directed, for each week of the term of the
. . . county courts for which a jury may be re-
quired, . . ."

It was held in DeVault v. State, 159 Tex.Crim. 360,
264 S.W.2d 126 (1954), that Article 2096 was not so severely vio-
lated by drawing the names in handfuls rather than individually
as to cause reversible error in a murder prosecution.

It is our opinion that the DeVault case is authority that Article 2096 is directory only and not mandatory, and that when no jury list existed at the time required under Article 2096, compliance therewith at the earliest practicable time would be sufficient in the absence of a showing of prejudice arising therefrom.  See also Williams v. State, 164 Tex.Crim. 381, 298 S.W.2d 833 (1957).

## SUMMARY

Where the term of court began before a jury list could be placed in the jury wheel and a jury is drawn therefrom after the list is properly placed therein, the jury so drawn is a valid jury notwithstanding that Article 2096, V.C.S. calls for the drawing to be done not less than 10 days before the opening of the term of court, in the absence of a showing of prejudice.

Sincerely yours,

WILL WILSON
Attorney General of Texas

By John E. Leonarz
John E. Leonarz
Assistant Attorney General

JEL:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
William Colburn
Howard Mays
Dudley McCalla

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Houghton Brownlee