Juan Ramon CABANAS, Appellant,

v.

STATE of Texas, Appellee.

Isidro Santana RUIZ, Appellant,

v.

STATE of Texas, Appellee.

Nos. 13–84–193–CR, 13–84–194–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 19, 1985.

John Griffin, Jr., Victoria, for appellants.

Robert Bell, Dist. Atty., Edna, for appellees.

## OPINION

SEERDEN, Justice.

Appellants were convicted of delivery of a controlled substance (cocaine) in an amount of 400 grams or more. After a joint trial before the court, the court sentenced Cabanas to 45 years and Ruiz to 35 years of confinement. We affirm. Since both appellants present the same grounds of error from the same trial, their appeals will be discussed together.

In their first ground of error, appellants complain that the prosecution was permitted to introduce certain testimony of Fermin Islas over the objection that the testimony was hearsay. The challenged testimony consisted of conversations between Islas, an undercover agent, and Gerardo Alvarado, a co-defendant who was not present during the trial. The prosecution cited the exception for statements of co-conspirators. The appellants contend that the statements made on December 13, 1983, before and during the transaction, were used as evidence of a conspiracy, and that no conspiracy was shown independently of the hearsay.

■ When two or more people take part in the commission of a felony, the evidence of conspiracy is admissible even though the substantive crime of conspiracy is not charged in the indictment. *Roy v. State*, 608 S.W.2d 645, 651 (Tex.Crim.App.1980). Appellants are correct in their contention that the declarations themselves may not be used as a bootstrap to establish an alleged conspiracy. However, where there is sufficient independent evidence to establish a conspiracy, hearsay acts and statements of a conspirator which are made prior to the time the conspiracy is completed are admissible, *Denney v. State*, 558 S.W.2d 467, 469 (Tex.Crim.App.1977, cert. denied); *Burkhalter v. State*, 655 S.W.2d 215, 220 (Tex.App.—Corpus Christi 1982, pet. dismissed 1983), even though the acts or statements occur out of the presence and hearing of the conspirator on trial. *May v. State*, 618 S.W.2d 333, 346 (Tex.Crim.App. 1981) (en banc) (vacated on other grounds, 454 U.S. 959, 102 S.Ct. 497, 70 L.Ed.2d 374 (1981), affirmed on remand, 632 S.W.2d 751 (1982)). For the statements to have been admissible, there must be evidence independent of such statements which shows an acting together of the parties. *Chapman v. State*, 470 S.W.2d 656, 662 (Tex.Crim. App.1971); *White v. State*, 451 S.W.2d 497, 503 (Tex.Crim.App.1969) (on rehearing 1970); *Clark v. State*, 158 Tex.Cr.R. 231, 254 S.W.2d 527, 528 (1953); *Wolf v. State*, 674 S.W.2d 831, 842 (Tex.App.—Corpus Christi 1984, pet. ref'd).

The following evidence concerning the events of December 13, 1983, was admitted without objection: Islas' testimony, apart from the hearsay statements of Alvarado, is that Cabanas, Ruiz, and Alvarado arrived in one car, with Cabanas driving. Alvarado got out near Islas' car and the other appellants parked the car a short distance away in the parking lot. After a discussion with Islas, Alvarado went to the car in which Cabanas and Ruiz waited, then returned and presented the cocaine to Islas.

Officer William B. Bywaters testified that he saw a vehicle occupied by the appellants driving in the parking lot. Using binoculars, he saw Alvarado exit the car and go to Islas' car. The car occupied by appellants parked elsewhere in the parking lot. Bywaters also saw Ruiz place an object, which resembled the package later recovered and found to contain cocaine, in a grassy area near the car. Ruiz returned to the car, then retrieved the object. Alvarado then went from Islas' car to the driver's side of the car in which the appellants had arrived. Cabanas was the driver. When Alvarado left the car to return to Islas' car, he was putting something, which resembled the package Ruiz had put in the grassy area and retrieved, into his jacket.

Officer Charles Carpenter testified that he was in the same car with Bywaters, but did not use binoculars. He saw a figure exit the car used by appellants and go into the grassy area twice. Carpenter and Bywaters, receiving a signal, went to the car and arrested Cabanas and Ruiz.

■ Appellants' arrival in the same car with Alvarado, waiting for him, handling the package, and transferring the package to him, shows an acting together of appellants with Alvarado to commit the crime, delivery of cocaine. Such proof is sufficient to establish a conspiracy for the purpose of admitting the hearsay statements of Alvarado. *Morgan v. State*, 519 S.W.2d 449, 451 (Tex.Crim.App.1975). Alvarado's statements on the afternoon of December 13, 1983, setting up the meeting, and his statements to Islas during the

"deal," while Cabanas and Ruiz waited, were declarations during and in furtherance of the conspiracy to deliver cocaine. *Colunga v. State*, 527 S.W.2d 285, 288 (Tex.Crim.App.1975); *Helms v. State*, 493 S.W.2d 227, 230 (Tex.Crim.App.1973). It is true that the State had not proved the conspiracy at the time it admitted the hearsay. However, a conviction will not be reversed for error in receiving testimony that became admissible at a subsequent stage of the trial. *Williams v. State*, 604 S.W.2d 146, 149 (Tex.Crim.App.1980) (en banc).

In their second ground of error, the appellants complain that the trial court improperly admitted evidence of an extraneous offense. Islas testified that on December 9, 1983, he phoned Cabanas at his Houston business and identified himself as Alvarado's friend "Ray." Over the phone, he agreed to buy ½ oz. of cocaine that evening. He agreed to meet Cabanas at 8 p.m. at a specified parking lot. Islas further testified that he was waiting in his car when the appellants arrived with Cabanas driving. They approached Islas and discussed going into the restaurant to talk, but Ruiz wanted to consummate the deal first. They then got into the appellant's car, with Cabanas in the driver's seat, Islas beside Cabanas, and Ruiz in the back seat. Ruiz handed the cocaine to Islas at Cabanas' request. They drove around the block while Islas examined the cocaine, then went into the restaurant and discussed future deals.

The prosecution offered the evidence of the December 9 offense "for the sole and limited purpose and use of proving that which cannot be inferred from their actions, being intent, knowledge, system, scheme and design." It is well settled that extraneous offenses can be introduced for such purpose if there are sufficient factual similarities and if the evidence is more probative than prejudicial. *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983) (en banc); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972).

Appellants' counsel objected only that the offense was too remote in time. In *Vaughn v. State*, 530 S.W.2d 558 (Tex. Crim.App.1975), an extraneous offense committed six months prior to the primary offense was held admissible. Thus, an offense which occurred only four days prior to the primary offense is not inadmissible because of remoteness.

Moreover, trial was to the court. It is presumed that he considered only the admissible evidence. *Richards v. State*, 165 Tex.Cr.R. 176, 305 S.W.2d 375, 376 (1957).

The judgments of the trial court are AFFIRMED.