Alejos **PEREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–87–00523–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 8, 1989.

Eugenio A. Soliz, Jr., Premont, for appellant.

David T. Garcia, County Atty., Falfurrias, for appellee.

Before CADENA, C.J., and REEVES and DIAL *, JJ.

## OPINION

### PER CURIAM.

Appellant was convicted by a jury of driving while intoxicated (second offense) and sentenced to 16 days in jail and fined $400.00.

Both errors which appellant asserts concern the complaint which contains an enhancement paragraph alleging a prior conviction. Appellant argues the trial court erred in denying his motion to dismiss be-

* Justice Preston H. Dial, Jr., not participating.

cause the complainant had no knowledge of the prior conviction at the time he swore to the complaint. Appellant also insists that the complaint should have been dismissed because if, as he urges, it did not allege a second offense when it was executed, then the complaint was altered without notice to the complainant.

A complaint must show that the accused has committed "some offense ... or that the affiant has good reason to believe, and does believe, that the accused has committed such offense." TEX.CODE CRIM. PROC. art. 15.05(2) (Vernon 1977). The face of the complaint reflects that the appellant did drive while intoxicated (second offense). The complaint complies with the statute.

Because the complaint is valid on its face, the claimed defect is latent, requiring proof to establish its existence. *See Ex Parte Napier*, 157 Tex.Crim. 73, 246 S.W. 2d 878 (1952).

Outside the presence of the jury, the complainant, Trooper Stephen Lankart, testified that he thought he alleged driving while intoxicated (first offense) in the complaint. He indicated that before swearing to and signing any complaint he always reads it. Trooper Lankart said in this instance he believed that the complaint was completed before he signed it and swore to it. He could not recall its contents, but he thought the complaint charged a first offense. Janie Canales, the secretary for the prosecution who prepared the complaint, testified that, when reminding Trooper Lankart to read the complaint, she pointed out that it alleged a second offense.

The complaint must be made by a credible person. *See Richards v. State*, 165 Tex.Crim. 176, 305 S.W.2d 375, 376 (1957). The credibility of a person speaks to his competence to testify in the case in which the complaint was filed. *Ealy v. State*, 167 Tex.Crim. 265, 319 S.W.2d 710, 711 (1958). The truth or falsity of the statements contained in the complaint (here, that the affiant had personal knowledge that the appellant committed his sec-

ond driving while intoxicated offense) does not determine whether a person is competent to testify. *Id.*[1]

The purpose of a complaint is to insure that the accuser will not prosecute the case. *See Wells v. State,* 516 S.W.2d 663, 664 (Tex.Crim.App.1974). Inquiry into the nature of the affiant's knowledge is not necessary to effectuate that purpose. *Id.*

■ Appellant's contention that the complaint was altered without notice to Trooper Lankart after he signed it finds no support in the record.

Canales, the secretary who prepared the complaint, testified that the complaint charged a second offense when it was executed. Trooper Lankart testified that the complaint was completed when he signed it. He did not remember the contents of the complaint, but his poor recall does not indicate an alteration of the complaint.

The judgment of the trial court is affirmed.

---

1. The record does not reflect, nor does appellant contend, that the allegation of a prior offense is false.