LEONARDO L. VASQUEZ v. THE STATE.

No. 3359.   Decided December 23, 1914.

**1.—Murder—Indictment—Grand Jury—Change of Venue.**

Where one of the grand jurors after the jury was organized became a witness for the State, this did not render the indictment invalid or the grand juror

incompetent; besides, the record showed that the motion to quash the indict-
ment on this ground was not made prior to the change of venue, and there was
no reversible error.    Following Goode v. State, 57 Texas Crim. Rep., 220, and
other cases.

2.—Same—Special Term of District Court.

The district judge had authority to call a special term of his court to try
this and other cases.

3.—Same—Jury Wheel—Qualified Jurors—Statutes Construed.

By section 2 of the Act of the Thirtieth Legislature the officers shall write
the names of all men who are known to be qualified jurors under the law and
place such name in the jury wheel provided for in certain counties, and where
the record disclosed that said officers placed in the jury wheel the names of all
persons in said county known to them to be qualified jurors and did not in-
tentionally omit to place in said wheel the name of any person known by them
to be a qualified juror, there was no ground to quash the special venire.

4.—Same—Reforming Judgment—Indeterminate Sentence.

Where the trial court omitted to follow the indeterminate sentence Act in
entering judgment against the defendant, the same will be reformed and affirmed
in this court.

Appeal from the District Court of Bexar.    Tried below before the
Hon. W. S. Anderson.

Appeal from a conviction of murder; penalty, twenty-five years im-
prisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney General, for the State.—Cited cases
in opinion.

HARPER, JUDGE.—This is the second appeal in this case,—on the
former appeal the case having been reversed and remanded.    On this
trial appellant was convicted of murder and his punishment assessed at
twenty-five years confinement in the State penitentiary.    It is a com-
panion case to that of Serratto, Gonzales, and other cases in which the
appellants were charged with the murder of Deputy Sheriff Ortiz of
Dimmit County.

No statement of facts accompanies the record, consequently many
grounds assigned in the motion for a new trial can not be reviewed
by us.    The only questions presented in a way we can review the action
of the trial court are presented in the three bills of exception copied in
the transcript.    In the first bill of exception it is complained that the
court erred in refusing to quash the indictment on the ground that
Eugene Buck, a witness for the State, was a member of the grand jury
which returned the bill of indictment against appellant.    The record
discloses that the grand jury had been empaneled prior to the time the
alleged offense had been committed, and the grand jury had been dis-
charged for the term; that when the offense with which appellant is

charged was committed, the court reconvened the grand jury. He was authorized to do this by article 423 of the Code of Criminal Procedure. Mr. Buck, having been regularly empaneled as a member of the grand jury for that term, did the fact that he witnessed the offense with which appellant is charged render him incompetent as a grand juror? The oath required to be administered to the grand jury provides that they must present all things which come to their knowledge. We think it incumbent upon all members of the grand jury to report to their fellow members all violations of the law of which they are cognizant, and the fact that the State might use them as witnesses in the prosecution of the case does not render them incompetent as grand jurors. But, aside from this view of the law, the grand jury of Dimmit County indicted appellant; the venue of his case was changed to another county and the law provides (art. 630, Code of Criminal Procedure), that all motions to set aside the indictment and all special pleas and exceptions, shall be disposed of prior to the time that the change of venue is ordered. This record discloses that all such pleas as appellant desired to enter were presented and overruled before the venue was changed, and this motion to quash the indictment, on the grounds named, would come too late. Vance v. State, 34 Texas Crim. Rep., 395, and cases cited; Goode v. State, 57 Texas Crim. Rep., 220, 123 S. W. Rep., 597; Serrato v. State, decided at the last term of this court and not yet reported.

In the second bill is presented the question that the judge had no authority to call a special term of his court to try this and other cases. This has been decided so often adversely to appellant's contention we do not deem it necessary to discuss it. Art. 94 of the Code of Criminal Procedure; art. 1720 of the Rev. Civil Stats.

In the third and last bill is presented the question that the names of all qualified jurors in the county were not placed in the wheel from which the venire in this case was drawn. By the Acts of the Thirtieth Legislature (chapter 139, p. 269, Session Acts, now chapter 5 of title 75 of the Revised Statutes of 1911) it was provided that in counties containing cities of more than 20,000 population that the tax collector, the tax assessor, the county clerk and the district clerk, or their deputies, should select the jurors in the manner and form therein provided. By section 2 of the Act it is provided: The aforesaid officers *"shall write the names of all men who are known to be qualified jurors* under the law" and place such names in the jury wheel provided for in such counties. In the bill it is asserted that these officers did place in the wheel the names of all qualified jurors appearing on the tax assessor's and collector's rolls, but that it could be proven by the tax collector and tax assessor that the names of some four thousand persons in Bexar County, who were qualified jurors did not appear on said rolls, and their names were not placed in the wheel. This is the first time, so far as we have been able to ascertain, that a construction of this provision of the jury wheel law has been called in question. It is contended by appellant that the leaving of the names of these jurors out of the jury wheel, whether

intentional or unintentional, and whether or not hurtful or harmful to appellant, renders the special venire drawn in this case illegal, and this motion to quash the venire should have been sustained. As it is a question of first impression, we have given it careful and thoughtful consideration. There is no doubt that it was the intention of the Legislature to require of the officers named that they place in the jury wheel the names of all persons in the county known to them to be qualified jurors, and if it appeared from the record that they had intentionally omitted to place in the wheel the name of any person known by them to be a qualified juror, it would be ground to quash the venire, even though the record did not go so far as to show injury to appellant. The officers named would have no authority or right to refuse to place in the wheel the name of any person known by them to be a qualified juror. But in this case, in the bill, it is not claimed that the name of any person *known at that time to be a qualified juror* was intentionally left off the list of those placed in the jury wheel. The information as to there being other qualified jurors may have been received by the officers after the jury list was drawn.

All the law requires is that the officers named shall place in the jury wheel the names of all persons known to them *at that time* to be qualified jurors in the county shall be placed in the jury wheel. If they, through inadvertence or oversight, or through lack of knowledge, should fail to place in the wheel the names of persons who are qualified jurors, in the absence of injury shown to appellant, this would not present ground to quash the venire drawn. In this case it is not alleged that the name of any person was intentionally omitted; it is not alleged that appellant was injured by the omission to place such name or names in the jury wheel; it is not alleged that at *.the time* the names were placed in the jury wheel, the officers knew that such other persons were qualified jurors, and knew their names, but it appears by the bill that the officers did place in the wheel the names of all persons appearing on the tax collector's and tax assessor's rolls who were qualified jurors, and under such circumstances we are of the opinion the bill presents no error.

Appellant, by the verdict of the jury, was adjudged to undergo twenty-five years imprisonment in the penitentiary. The court, in passing sentence on appellant, sentenced him to a fixed and determinate term of imprisonment. Under the indeterminate sentence Act, passed by the Legislature, the judgment of the court should have been that appellant be confined in the penitentiary for a term not less than five years nor more than twenty-five years. In this respect the judgment is reformed, and the clerk of this court will so enter the order.

Reformed and affirmed.

*Affirmed.*