93 Tex. Cr. R. 544, 249 S. W. 485; Soderman v. State, 97 Tex. Cr. R. 23, 260 S. W. 607; Gaunce v State, 97 Tex. Cr. R. 365, 261 S. W. 577.

The sufficiency of the search warrant and the admissibility of the evidence obtained through the search is challenged in two bills of exceptions. The particular criticism of the affidavit and the warrant is not drawn to our attention by brief or otherwise. The appellant having proved by his wife that there was whisky upon his premises, the sufficiency of the search warrant becomes immaterial. Kelsey v. State, 109 Tex. Cr. R. 275, 4 S.W.(2d) 548; McLaughlin v. State, 109 Tex. Cr. R. 307, 4 S.W.(2d) 54; Stockton v. State, 112 Tex. Cr. R. 188, 15 S.W.(2d) 640; Spain v State, 111 Tex. Cr. R. 552, 15 S.W.(2d) 646; Enix v. State, 112 Tex. Cr. R. 376, 16 S.W.(2d) 818; Boney v. State, 110 Tex. Cr. R. 371, 7 S.W.(2d) 961; Pence v. State, 110 Tex. Cr. R. 378, 9 S.W.(2d) 348.

The judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J.

Appellant insists in his motion that the cross-examination of his wife was violative of the rule of our statute forbidding a wife to testify against her husband. Mrs. Burdett testified in chief that she went to the city hall and paid a fine for her husband in order to secure his release from jail, and that later they heard that officers were looking for him, and that they could not believe it after they had paid the fine above referred to. In view of this testimony and in this condition of the record, there seems no doubt of the relevance and competence of the question asked Mrs. Burdett on her cross-examination and the answer given by her, which are referred to in the original opinion.

The motion for rehearing will be overruled.

HAWKINS, J., absent.

### GAYTAN v. STATE.

No. 13535.

Court of Criminal Appeals of Texas.

June 26, 1930.

Rehearing Denied Nov. 19, 1930.

T. C. Johnson, Jr., of San Marcos, for appellant.

A. A. Dawson, State's Atty., of Canton, for the State.

LATTIMORE, J.

Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

A witness testified positively to the fact that he bought from appellant a pint of whisky.

There are three bills of exception. The first complains of the refusal of the court to quash the indictment. The complaint is based on the proposition that the jury commissioners who drew the grand jury were not authorized so to do. The court heard evidence. The facts showed that at the July term, 1929, jury commissioners were duly appointed, and that they drew the grand jury for the September term, same being the next succeeding term.

This was in accordance with the provisions of title 7, O. C. P. (article 333 et seq.), providing for the organization of a grand jury.

Bill of exceptions No. .2 complains of the fact that, after appellant had refused to enter his plea to the indictment, the court had the plea entered for him. If we understand the bill, appellant suggested to the court, in accordance with article 496, O. C. P., that he was not indicted under his true name, and upon such suggestion the court had appellant's name corrected in the indictment to correspond with that suggested, and, if we comprehend it, the court also suggested that the other records be corrected so as to make them speak the same fact. We think this latter proceeding wholly unnecessary, but not of that erroneous character that would call for a reversal. It is sufficient in such case that the record show an order of the court declaring that appellant suggested that his name is not correctly stated, and that the indictment was made to accord with the suggestion of the accused.

Appellant's third bill of exceptions complains of the fact that in his address to the jury the prosecuting attorney called two of them by their names. The bill does not set out what was said further, or make known to us any possibility of injury.

No reversible error appearing, the judgment is affirmed.

#### On Motion for Rehearing.

MORROW, P. J.

The appellant was indicted on September 26, 1929, in the district court of Hays county, and was tried on October 14, 1929. He challenged the validity of the indictment upon the ground that at the July, 1929, term of court, the jury commissioners were instructed by the court to select petit jurors for the second week of the July term and also to select grand jurors, special venire, and petit jurors for the September term of court. There was compliance with these instructions. The indictment was also challenged because of an improper indorsement of the envelope.

It is the duty of the jury commissioners to select grand jurors for the succeeding term. This is declared in article 338, C. C. P. In the present instance, the grand jurors for the September term were selected at the July term. If the act of the jury commission in selecting petit jurors for the July term was irregular, the right of the appellant to make complaint of it is not perceived. He was not tried by a petit jury so selected.

The motion for rehearing is overruled.

HAWKINS, J., absent.