### PRINCE LENOX V. THE STATE.

No. 22053. Delivered April 8, 1942.
Rehearing Denied May 27, 1942.

The opinion states the case.

*Reginald Bracewell,* of Huntsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful sale of beer in a dry area is the offense; the punishment, confinement in the county jail for a term of ninety days.

That appellant sold four cans of beer to an inspector of the Texas Liquor Control Board, in Walker County, a dry area within the meaning of the Texas Liquor Control Act, as charged in the information, is not disputed. The facts are, therefore, sufficient to sustain the conviction.

Appellant complains of the overruling of his motion to quash the jury panel drawn for the term of court at which he was tried and convicted. The record before us does not reflect that any member of such jury panel served upon the jury which tried and convicted appellant, nor that such jury was selected from or out of the panel to which appellant objected. In the absence of any such showing, the question, therefore, is not deemed before us. McDonald v. State, 260 S. W. 850, 97 Tex. Cr. R. 200.

By bill of exception, complaint is made of the action of the trial court in permitting the State, after having rested its case, and after the appellant had declined to introduce any evidence, to reopen the case and to introduce further and additional testimony. The action of the trial court was in keeping with the statute (Art. 643, C. C. P.) and established precedents cited under said Article in Vernon's Annotated Code of Criminal Procedure.

The complaint and information were valid upon their face and were subject to no objection.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing with an exhaustive discussion on one question by which it is contended that the complaint and information in the case show that the offense alleged, if committed, was barred by the statute of limitation. We note that the information sets forth that the offense was committed on the 21st day of May, 1941, and the complaint was presented at the July-August Term, 1941. The burden of the argument seems to be that the file mark on the information shows it to be filed on July 22, 1931, instead of 1941. Reference to the file mark discloses that the printed figure "3" has written above it a "4." Taken in connection with the record of the case the trial court was justified in finding that it was actually filed in 1941 instead of 1931. Even though there be no evidence on the subject and no finding by the court that would apply to it, we are unable to see any aid given to his plea of limitation by this file mark. His objection should have been that the information was filed prior to the commission of the offense.

Appellant has failed to present a record which indicates the court was in error in overruling his motion. Hinson v. State, 100 S. W. 939; Fields v. State, 151 S. W. 1051.

The motion for rehearing is overruled.