ALLEN STILES V. THE STATE.

No. 22957. Delivered November 15, 1944.

The opinion states the case.

*Percy Foreman,* of Houston, for appellant.

*Ernest S. Goens,* State Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing marihuana, punishment assessed being two years in the penitentiary.

The record is before us without bills of exception or statement of facts.

Appellant filed a very lengthy motion to quash the jury panel, alleging that they had not been properly summoned in that they were summoned by ordinary one cent postal cards; that the sheriff had not used due diligence in serving all prospective jurors drawn from the jury wheel, and that the judge had arbitrarily and illegally excused some 25 men from those summoned. The State controverted appellant's motion. There appears in the record an agreed stipulation between the State and appellant that after recognizing all legal excuses of those who did actually appear there yet remained a sufficient number to constitute a jury panel of 32 jurors for each of the two criminal district courts with a surplusage of 16. Said stipulation further contains the statement that "No juror was excused by the court except for legal cause satisfactory to the court."

We observe that the record wholly fails to show if any of the jurors who were present served on the jury that tried appellant. McDonald v. State, 97 Tex. Cr. R. 200, 260 S. W. 850; Lenox v. State, 144 Tex. Cr. R. 226, 161 S. W. (2d) 1085.

Neither does appellant show that any objectionable juror was forced upon him if the jury was selected from the panel complained of. Parish v. State, 145 Tex. Cr. R. 117, 165 S. W.

(2d) 748. See also Walker v. State, 104 Tex. Cr. R. 207, 283 S. W. 787.

The judgment is affirmed.