"I will cut your throat" or "I will cut you all to pieces."

In the Ammann case, both participants were men, and the issue of self-defense was strongly raised. In the case at bar, the injured party was a female, and the issue of self-defense is not in the case.

■ After careful consideration, we have concluded that the evidence supports the conviction.

Appellant complains because the prosecutor went outside the record in propounding a hypothetical question.

The witnesses testified that the knife blade was "about two inches long." In phrasing his question, the prosecutor used the expression, "and a blade from two to two and a half inches long."

■ The prosecutor evidently had in mind the testimony of the injured party given on the examining trial read into the record by the accused, in which she had described the blade as two or two and one-half inches long. While not original evidence, it may be considered on the question of good faith of the prosecutor, and we think the variation not such as would call for a reversal of this cause.

Finding no reversible error, the judgment of the trial court is affirmed.

**WYNN v. STATE.**

No. 26457.

Court of Criminal Appeals of Texas.

June 17, 1953.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is for possession of whiskey in a dry area for the purpose of sale, the punishment a fine of $300 and six months in jail.

There is no statement of facts.

A challenge to the array of jurors was filed alleging failure to comply with Art. 2094 R.C.S., Vernon's Ann.Civ.St., in filling the jury wheel and it was stipulated that the evidence adduced upon a similar motion in Williams v. State, Tex.Cr.App., —— S.W.2d ——, should be made a part of the record in this cause.

Without passing upon the sufficiency of the stipulation, here, as in the Williams case, there is nothing to show that the jurors who rendered the verdict against appellant were selected from a panel of jurors drawn from the jury wheel.

The judgment is affirmed.