## MARGARET PRIEST V. STATE

No. 27,676. October 5, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) November 30, 1955

*Robert C. Benavides, James H. Martin, Lester L. May* and *Joe H. Jones,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *James K. Allen, William F. Alexander* and *George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is theft from the person; the punishment, two years in the penitentiary.

The prosecution grows out of the loss of $46.00 in currency by the injured party on an occasion when he was visiting in the city of Dallas.

The injured party testified that he arrived in Dallas from Oklahoma about 7:30 P.M. on the day in question; that after he had paid for a room at the Y.M.C.A., he had $46.00 in currency in his wallet which he had placed in the inside coat pocket of his suit; that soon thereafter, while he was standing in front of the Neiman-Marcus store on Main Street, the appellant drove up in an automobile and called him to the car; that after talking to her he got in the car at her suggestion; whereupon she drove the car to a parking lot near the Baylor Hospital and stopped; that during the ensuing fifteen minutes appellant made love to him and fondled his private organ, which favors were by him returned, and he was excited during such time. He further testified that during the time appellant was making love to and fondling him she put her hand under his coat near his wallet and he could feel her hand pulling on his shirt and body; that after the party had concluded in the parking lot, appellant drove back to town and he got out of the car with the understanding that she would return and pick him up in about an hour; that as appellant rapidly drove away he suddenly realized that something was not just right, and within a minute he checked his wallet and discovered that his money was gone. Thereupon he called the police and gave them the license number of the car which appellant was driving. He also testified that between the time he left the Y.M.C.A. with the $46.00 in his wallet and the time he first saw the appellant he had talked to no one, and that between the time he got out of the automobile and the time he checked his wallet he had not talked to anyone, and that the money was taken from his wallet without his knowledge and consent.

We think the evidence is sufficient to support the verdict of the jury.

Appellant filed an application for a change of venue supported by the affidavits of two compurgators in which it was alleged that she could not receive a fair and impartial trial in Dallas County because of prejudice against her and the existence of a dangerous combination against her instigated by influential citizens. Such application was controverted by the state.

The record presents conflicting testimony before the court on the trial of the issue and, in our opinion, the court did not abuse his discretion in overruling the application for a change of venue. Where the evidence is conflicting, a judgment denying a change of venue will not be disturbed on appeal unless it appears that the trial judge abused his discretion. Whiteside v. State, 115 Texas Cr. R. 274, 29 S.W. 2d 399; Brown v. State, 130 Texas Cr. R. 323, 94 S.W. 2d 455; and Conn v. State, 143 Texas Cr. R. 367, 158 S.W. 2d 503.

We perceive no error in appellant's contention that the court erred in refusing to quash the jury panel on the ground that the members of the panel had prejudged the case because the record reflects that the jury panel under attack was not used in the trial of the case against the appellant.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the court.