## EX PARTE T. B. ATKINSON

No. 28,256. March 21, 1956.

*Reginald Bracewell,* Huntsville, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Relator, an inmate of the Texas Prison System, seeks his release by writ of habeas corpus.

The writ was granted by the Honorable Max M. Rogers, Judge of the 12th Judicial District, and made returnable to this court in accordance with the terms of Article 119, V.A.C.C.P.

It was shown from the record herein that relator was convicted on December 3, 1935, in the district court of Hidalgo County of felony theft and repetition of offenses under Article 63, V.A.P.C., and sentenced to life imprisonment.

An examination of the indictment reveals that the primary offense was charged to have been committed on March 15, 1935. The two prior convictions alleged were as follows:

1. Burglary alleged to have been committed on July 22, 1932, which resulted in a conviction in the district court of Trinity County on June 23, 1933.

2. Passing as true a forged instrument alleged to have been committed on July 5, 1932, which resulted in a conviction in the district court of Trinity County on June 23, 1933.

It is apparent that since the relator was convicted in both of the Trinity County cases on the same day, neither conviction could have preceded the commission of the offense in the other case and the two convictions could not constitute the basis for a prosecution as a third offender under Article 63, V.A.P.C. Ex parte Daniels, 158 Tex. Cr. Rep. 2, 262 S. W. 2d 536.

It is further apparent that the indictment is sufficient to charge the relator as a second offender under Article 62, V.A. P.C.

The punishment in the instant case provided by Artcile 62, V.A.P.C., is ten years.

Relator has served in excess of ten years and is therefore

entitled to discharge. Ex parte Pruitt, 139 Tex. Cr. Rep. 438, 141 S. W. 2d 333.

The writ is granted, and the relator is ordered discharged.