## LAWRENCE RYMER, JR. V. STATE

No. 34,021.   January 17, 1962

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is robbery with firearms; the punishment, five years in the penitentiary.

The state's testimony reflects that Billy Joe Tyree had a knife and Venoy Willis had a gun; that they went to a grocery store in Texarkana that was operated by Mrs. A. H. Jones; that they robbed the store of some eight hundred dollars at approximately 7:30 P.M.; that appellant had at various times, as a truck driver, delivered groceries for Kimble Grocery, to the Jones store.

Frank Taylor testified that he saw two boys running from the store; that one was holding a sack and they got into a cream colored Oldsmobile that had green fender skirts; that he got part of the license number; that he saw at least two people in the car; that both entered from the right side and the car started instantly; that, in his opinion, they did not have time to get under the wheel.

The car was stopped in Texarkana, on the Miller County, Arkansas, side of the state line, at approximately 7:45 P.M.; that appellant was driving; that the knife fell from under Tyree's shirt; and that a pistol and the money were in the middle part of the front seat.

Billy Joe Tyree and Venoy Willis testified that they, with appellant, discussed robbing the store; that they went to Venoy's house and got a pistol and were in a cream colored Oldsmobile with green fender skirts; that appellant was driving; that Willis and Tyree told them in the store that it was a stickup, to put the money in a paper sack; that the appellant drove away; and that appellant surveyed the job before the robbery.

Appellant testified that he was 24 years of age, that he had nothing to do with the robbery of the Jones store, that he picked up Willis and Tyree around 7:45, that he knew one of them was the only reason he picked them up, and that he did not plan the robbery and did not help commit it.

Other witnesses, including relatives of the appellant, testified as to his alibi.

The jury answered the disputed facts against the appellant, and we find the evidence sufficient to sustain the jury's verdict.

Appellant has not favored us with a brief.

Appellant presents three formal and several informal bills of exception.

By his first formal bill of exception, appellant complains that the trial court erred in overruling his motion for instructed verdict because there was a variance in the allegation and proof in that the proof showed the property belonged to A. H. Jones instead of Mrs. A. H. Jones; that no fear caused the delivery of the money.

The proof shows that the money was taken from Mrs. A. H. Jones; that she was operating the store in the absence of her husband; that a knife and gun were exhibited; that she was scared for her life.

Appellant further contends that the evidence is insufficient to corroborate that of the accomplices Willis and Tyree. The testimony shows that a car fitting the description of appellant's picked up Willis and Tyree, that money was found in the car, that Willis, Tyree and appellant were in the car fifteen minutes after the robbery.

In Greer v. State, 329 S.W. 2d 885, the appellant was the driver of the getaway car seen shortly after the robbery. This court held that the evidence was sufficient to support the conviction.

Appellant, by his next formal bill of exception, complains that the trial court erred in overruling his objection to page 2 of the court's charge on the ground that it was a comment on the weight of the evidence and an invasion of the province of the jury.

The objection that a certain paragraph was "on the weight of the evidence" is too general under Article 658, V.A.C.C.P., to point out any error. Cage v. State, 320 S.W. 2d 364, and Gill v. State, 84 Tex. Cr. Rep. 531, 208 S.W. 926.

Lastly, appellant complains, by his third bill of exception, that the trial court erred after the jury requested an answer to the question:

"Your Honor

"Can the jury assess the penalty of Five (5) years and recommend any leniency possible?
                    "/s/ Lawrence Arrington, Foreman."

The court instructed the jury:

"Gentlemen of the jury: The question of leniency is not before you for consideration."

Appellant's counsel objected that "it is equivalent to a summary statement and is coercive of a verdict of guilty."

In Heald v. State, 130 Tex. Cr. Rep. 178, 92 S.W. 2d 1042, the jury sent a written interrogatory to the court as to whether the case would carry a suspended sentence; the trial court replied "No." It was held that no error was shown because the inquiry and reply had no bearing on any issue in the case, and the fact that the jury was not brought into open court was not reversible error.

In the present case, the question and answer were to the same effect.

We have also carefully reviewed all of appellant's informal bills. None of them reflects reversible error.

The judgment is affirmed.