Willie Emil SCHULTZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 35714.

Court of Criminal Appeals of Texas.

May 8, 1963.

Leo Dougherty, San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is driving while intoxicated; the punishment, confinement for 3 days in jail and a fine of $50.00.

The evidence reflects that on August 24, 1962, Officer Arnold Rodriguez observed appellant pass a stop sign without stopping; that the appellant was driving approximately 20–25 miles per hour at the time; that he followed him for some three blocks with both his headlights and red light on; that he sounded his horn during this period, but that the appellant stopped only after he (the officer) pulled alongside of him and shouted. The officer recounted that the appellant had some difficulty in securing his driver's license; that he staggered as he walked; that his speech was difficult to understand; and that in his opinion the appellant was drunk.

Officer James Lowe, who was called to the scene by Officer Rodriguez, testified that appellant's eyes were bloodshot, that his eyelids were "heavy," and that he was slobbering around the mouth.

Officer Munoz testified that he had administered a test to the appellant using the Hager drunkometer. The amount of water displaced in the test was 300 cc's, and from this he concluded "that he was under the influence of intoxicants." He also testified to the appellant's appearance, indicating that his eyes were bloodshot, his face flushed, and his eyelids "heavy."

Lt. Morales of the San Antonio Police Department testified that he had had special training in chemistry and in chemical tests for intoxicants, and that he was in charge of the police laboratory. He testified that Officer Munoz was a qualified operator of the drunkometer; that the water displaced in the test indicated that the appellant had

.18% alcohol in his blood; and that the weight of the ascarite tube, used as a check on the operator's observations, indicated the appellant's blood to contain .167% alcohol. He testified that this indicated the man to have been under the influence of intoxicants.

The appellant introduced evidence to show that he had not had anything to drink before 3:00 P.M. on August 24, 1962, and testified himself that he had drunk only three beers after that. He denied being intoxicated.

█ The jury decided the fact issue against the appellant, and we find the evidence sufficient to support their verdict.

We will consider appellant's principal contentions as they appear in his brief.

█ After the charge was read to the jury, and they had retired to deliberate the case, they sent a note through the bailiff signed by the foreman requesting a charge on whether they could recommend the defendant be given a suspended sentence. The appellant waived the appearance of the jury, and, over his objection, the court instructed them in writing as follows: "Members of the jury: The suspended sentence law applies only to felony charges and not to misdemeanors. All the law governing this case is given in the court's charge."

We are cited to no case directly in point, but we find the cases of Houston v. State, 98 Tex.Cr.R. 280, 265 S.W. 585; Jones v. State, 119 Tex.Cr.R. 525, 46 S.W.2d 308; Heald v. State, 130 Tex.Cr.R. 178, 92 S.W. 2d 1042; and Rymer v. State, 171 Tex.Cr.R. 656, 353 S.W.2d 35, analogous. Those were felony cases where no application for suspended sentence had been filed. This Court held it not error for the trial court to instruct the jury, in answer to their request, that they could not grant a suspended sentence. In Heald, supra, this Court said:

"It is apparent from the record that the entire communication between the jury and court related to the suspended sen-

tence law, which was foreign to any issue in the case. The court's reply was not an instruction to the jury on the law of the case or any phase thereof, had no relation thereto, and could not have injuriously affected the appellant's rights any more than if they had asked the court whether they might, during the time that they were considering the case, engage in a game of chess, checkers or dominoes. * * *" 92 S.W.2d 1042, 1043.

We fail to see how the instruction in any way was injurious to appellant.

 Appellant next complains of the trial court's action in interrupting counsel during his argument to the jury and admonishing him to stay within the record. Such would not constitute reversible error, Beasley v. State, 97 Tex.Cr.R. 36, 259 S.W. 567, even though the State made no objection.

 Counsel further objected to the court's explanation of his statement before the jury. While the better practice is to refrain from elaborating upon rulings in front of the jury, we fail to find prejudicial error in this case since counsel was allowed to continue his discussion of the conflicting testimony of the three officers.

 Appellant's third complaint is of the prosecutor's reference in jury argument to his failure to request an instructed verdict. We agree with the court's qualification that the argument was in answer to appellant's argument and invited thereby.

 Appellant's next complaint relates to the prosecutor's argument that if appellant had had only three beers he should have called the bartender in the tavern he had visited to support him. This point was decided contrary to the appellant in Johnson v. State, Tex.Cr.App., 341 S.W.2d 453.

 Appellant also urges that the trial court should have stricken the testimony of Lt. Morales because he failed to testify as

to how he gave the drunkometer test. Appellant, however, failed to object until after the witness had stated his conclusions on the test and had left the stand. No error was preserved.

We have reviewed appellant's other contentions and find them without merit.

Finding the evidence sufficient, and no reversible error appearing, the judgment is affirmed.