James GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 39902.

Court of Criminal Appeals of Texas.

Nov. 30, 1966.

No attorney on appeal for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Commissioner.

The conviction is for robbery by assault with a prior conviction for felony theft alleged for enhancement; the punishment, life.

Notice of appeal was given prior to January 1, 1966.

Nellie Bell testified that about 12:30 a. m., January 25, 1964, she was walking home from a bus stop after leaving her employment at a restaurant; that she began walking real fast when she noticed a man running behind her and a car being driven along slowly but the man overtook her, struck her in the back of the head, knocked her down, grabbed her purse and jumped in the car as it drove away; that her purse contained $89 in money and a check in the amount of $39.77 which he took without her consent after putting her in fear of her life and bodily injury; that she observed the man's size, build, and height, and that he was a colored man, and that the car was dark in color; that she selected the appellant from a six-man lineup at the police station as the man who assaulted her.

The testimony reveals that the check taken from the victim's purse on January 25th was presented for payment to the cashier at Weingarten's, who made a photograph of the transaction at the time, including in the photograph the check and the person presenting it for payment; and when the cashier was asked, while testifying, if she had seen the man in the photograph any other times than at the store replied, "Only today that I remember."

Officer Mackey testified that after warning the appellant in compliance with the statutory requirements including his right

to counsel, he made and signed a written statement pertaining to the robbery.

In the absence of the jury, the trial court held an independent hearing on the voluntary nature of the written statement. Upon the conclusion of the hearing, the trial court found that said statement was freely and voluntarily made; and that he was also informed of his right to counsel from the time of his arrest until the statement was completed.

The written statement of the appellant was introduced in evidence and it reads in part as follows:

"My name is Jim Green also known as James Green. * * * I attended George Washington Carver Night School in Edna, Texas, and went to the 11th grade. I can read and write the English language.

"On January 24, 1964, I was on Dowling at McGowen, and it was around midnight. * * * I saw a colored woman walking ahead on the sidewalk. * * * At this time, the lady started walking across the street, and I ran up behind her and hit this lady and knocked her down. I then reached down and took the lady's purse off her arm. It was a black cloth purse. I ran north on Chenevert about four or five blocks and stopped and looked in this lady's purse. I took out the billfold and I think it was about $75 in the billfold. I also found a check down in the lady's purse that I kept. I then dropped the lady's purse and billfold in a ditch on Hamilton and Anite. I had run out of money, so, I decided to cash the check I had kept. This check had the name of Flanagan on it. I don't remember the first name, but the check was for $39 and some cents. I went to the Weingarten's Store on Prairie at Travis and I went in and I signed the name on the back of the check with my left hand just as it was written on the front. * * * "

Record proof was made of the prior conviction alleged for enhancement. Also, the appellant admitted said conviction while testifying in his own behalf.

Testifying in his own behalf, the appellant denied committing the robbery saying he was at home at that time. He testified that he signed the written statement because of the harsh words used by the officers toward him and because he was afraid of what would happen to him; that he was told that his punishment would be light if he made a statement; that he was afraid of being charged with bootlegging because the officers found some liquor in his room. Testifying further, the appellant denied cashing the check at Weingarten's, and said that the photograph made at the cashier's window was not of him; that he was never advised of his right to counsel or warned before making the written statement.

In the state's rebuttal the officers testified that they made no threats toward or abused the appellant; and that he was warned before making the statement and they made no promises of a lighter punishment if he made a written statement.

■ It is contended that the trial court erred in admitting the testimony of Deputy Sheriff Fullerton that he took the fingerprints of the appellant in a room adjoining the courtroom on the day of the trial in order to compare them with those among the record evidence of the prior conviction.

The appellant, testifying in his own behalf, admitted the prior conviction alleged for enhancement. This admission was all that the state sought to prove by a comparison of the fingerprints, that is, the prior conviction alleged. The contention does not present error.

■ The court charged the jury on alibi and the issue as to the voluntary nature of appellant's written statement.

There are no formal bills of exception.

■ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.