**Henry TRAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40388.**

Court of Criminal Appeals of Texas.

June 7, 1967.

Rehearing Denied July 19, 1967.

**418**

Marvin O. Teague, On Appeal Only, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Alvin A. Horne, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for robbery by assault with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

The trial was had in September, 1966.

The refusal of the court to grant appellant's motion for an instructed verdict of not guilty is urged as error on the ground that the evidence is insufficient to support the verdict of the jury.

While testifying for the state, Chester A. Davis, a cab driver, and the alleged assaulted party, identified the appellant as the person, who, upon arriving at his destination in Davis's cab, attacked him (Davis) with an open knife, cutting him on the finger and chin, threatened to kill him, put him in fear of his life and serious bodily injury, and took from him more than one hundred dollars in money without his consent.

The evidence sufficiently supports the conviction for the primary offense as charged.

Error is urged on the ground that the trial court erred in refusing his request to inspect, examine and use the police offense report in this case during the cross-examination of the state's witness, Officer Kountz.

After the trial court declined the request for a copy of the instrument that Officer Kountz used to refresh his memory, appellant at that time took no further action, and made no effort subsequently to have the instrument produced for the record. There is no showing that the instrument was used or exhibited in the presence of the jury. Kountz testified he did not have the instrument with him at the time and there is no evidence that it was even in the district attorney's files. No harm to appellant has been shown and no error

presented. Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455; McLain v. State, Tex.Cr.App., 383 S.W.2d 407.

Actually, it is not clear from the record just what instrument, if any, Officer Kountz did read to refresh his memory. If it was an offense report, it was not shown to have been prepared by either Kountz or Officer Collins.

■ As ground for reversal, the appellant contends that he was compelled to give evidence against himself when the state was permitted to introduce his fingerprints taken during the trial, without an order of the court, and without the presence of counsel. Similar contentions have been urged, considered, and overruled in Gage v. State, Tex.Cr.App., 387 S.W.2d 679; Dennison v. State, Tex.Cr.App., 399 S.W.2d 365; Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Green v. State, Tex.Cr.App., 408 S.W.2d 709.

Even though there were no objections made to the court's charge and no requested charges submitted, the grounds urged as error in appellant's brief have been examined and considered, and they reveal no fundamental error.

The judgment is affirmed.