**Eddie Harold HARRINGTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40849.**

Court of Criminal Appeals of Texas.

Jan. 3, 1968.

Rehearing Denied Feb. 21, 1968.

Bill Pemberton, Greenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Burglary with Intent to Commit Theft; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., twelve (12) years confinement in the Texas Department of Corrections.

Appellant brings forth 13 grounds of error. We have taken the liberty of re-numbering them in order to present them in the chronological order in which they are alleged to have occurred.

In his first ground of error appellant claims that the trial court erred in overruling his motion to quash the jury panel in that the jury wheel in Hunt County was improperly filled in August, 1965, in violation of Articles 2094 and 2095, Vernon's Ann. Civ.St.

Hunt County is a "jury wheel" county. Judicial notice will be taken by appellate courts that in the county from which the case has come the jury wheel method of obtaining jurors prevails. Garza v. State, 138 Tex.Cr.R. 403, 136 S.W.2d 861; Jones v. State, 85 Tex.Cr.R. 538, 214 S.W. 322; 35 Tex.Jur.2d, Jury, Sec. 45, p. 87.

Appellant introduced testimony from the County Tax Assessor-Collector and the District Clerk tending to show that the provisions of the above statutes (Articles 2094 and 2095, supra) had not been complied with in that the officials had used the poll tax list exclusively in filling the jury wheel with the names of qualified jurors. See At-

wood v. State, 96 Tex.Cr.R. 249, 257 S.W. 563; Attorney General's Opinions O–5521, C–642. The State contends the evidence shows a substantial compliance with the aforesaid statutes and reflects that the name of no qualified juror was intentionally or deliberately omitted from the jury wheel. Vasquez v. State, 76 Tex.Cr.R. 37, 172 S.W. 225; Northern Texas Traction Co. v. Bryan, 116 Tex. 479, 294 S.W. 527. In view of the conclusion we have reached a recitation of the facts developed at the hearing on the motion to quash the jury panel is deemed unnecessary.

■ An exhaustive search of the record before this Court fails to reflect any evidence that the jury which tried the appellant three days after said hearing and which rendered the verdict upon which the judgment here appealed from was based was selected from a jury panel drawn from the jury wheel which he claims was improperly filled.

When confronted with a similar problem, this Court, in Williams v. State, 159 Tex. Cr.R. 76, 261 S.W.2d 175, said:

"A defect in the drawing of the jury panel would be material only when the jury which tried appellant was selected therefrom. Gaytan v. State, 116 Tex. Cr.R. 215, 32 S.W.2d 361; Evans v. State, 110 Tex.Cr.R. 560, 9 S.W.2d 360.

"We have no authority to presume that the jury which tried appellant was selected from the alleged irregular jury panel."

See also Lenox v. State, 144 Tex.Cr.R. 226, 161 S.W.2d 1085; Stiles v. State, 147 Tex. Cr.R. 603, 183 S.W.2d 567; Wynn v. State, Tex.Cr.App., 259 S.W.2d 227; Priest v. State, 162 Tex.Cr.R. 260, 284 S.W.2d 148; 35 Tex.Jur.2d Jury, Sec. 96, p. 146.

■ Likewise, in absence of evidence, we cannot presume that the jury or a member thereof which tried appellant was selected from the jury panel for the week referred to in the testimony on the motion to quash the panel or was drawn from the jury wheel claimed to have been improperly filled the preceding August.

■ We find no merit in appellant's contention that Articles 36.01 and 37.07 Vernon's Ann.C.C.P.1965, repealed by implication the repetition of offenses statutes, Articles 62 and 63, V.A.P.C., and that the trial court erred in overruling his motion to quash the second and third paragraphs of the indictment alleging prior convictions for the purpose of enhancement of punishment.

■ Further, there is no merit in appellant's related claim that because the trial court informed the jury in his charge on the issue of guilt or innocence as to the punishment provided by law for the instant offense, as he was required to do by Article 37.07, Sec. 2(a) in effect at time of appellant's trial,[1] that he was precluded from submitting the case to the jury under the provisions of Article 62, V.A.P.C. at the penalty stage of the proceedings. Appellant's second and third grounds of error are overruled.

In his fourth ground of error appellant contends the trial court erred in failing to charge the jury on the law of circumstantial evidence in view of his special requested charge. We cannot agree.

■ Responding to a call at approximately 2:30 a. m., police officers went to the Gibson Discount Store in the City of Greenville. Shortly thereafter the store's manager arrived and opened the door and permitted the officers' entry. A search of the store revealed the appellant hiding therein wearing a pair of gloves. The store's safe had been moved from its customary place and was partially "peeled." The tools found near the safe did not be-

---

1. Now no longer required by virtue of 1967 amendments to Article 37.07, supra

(Acts 1967, 60th Leg., p. 1739, Ch. 659, Sec. 22—effective August 28, 1967).

long to the store. It was determined that entry had been made through holes made in the roof and ceiling. Another man was arrested on the roof of the building near the time of appellant's apprehension. The store manager, who had the care, custody and control of the premises, testified he did not give appellant permission to break and enter the store. The trial court was therefore not required to charge on the law of circumstantial evidence.

■ We reject appellant's contention that error was committed when a police officer witness at the hearing on guilt or innocence brought into the courtroom, in the presence of the jury, a Miller High Life beer box containing the tools which were later admitted into evidence as the tools found near the Gibson Store's safe at time of appellant's arrest. Upon the trial court's attention being directed to the beer box by appellant's objection, the objection was sustained, the box ordered removed from the courtroom and the jury instructed to disregard the box and not to consider it for any purpose. The motion for mistrial was overruled. Appellant's fifth ground of error is overruled.

■ Appellant complained in his written objections to the court's charge on the issue of guilt or innocence that paragraph No. 3 therefore [2] constituted a comment on the weight of the evidence by the court, contained legal conclusions and was not a proper charge as required by law. The objection to the entire paragraph was too general, did not point out any specific error in the charge and was insufficient. See Davis v. State, 165 Tex.Cr.R. 294, 306 S.W.2d 353; Rymer v. State, 171 Tex.Cr.R. 656, 353 S.W.2d 35. Even if the objection

had not been too general, it was without merit.

In his seventh ground of error appellant urges that the indictment was fundamentally defective for the reason that both prior convictions alleged for the purpose of enhancement under the provisions of Article 63, V.A.P.C. reveal that such convictions occurred on the same day (March 15, 1965) in the same District Court of Dallas County.

■ Prior to the penalty stage of the proceedings the court refused appellant's motion to compel the State to elect which prior conviction alleged it expected to rely upon for enhancement in view of the occurrence of the prior convictions on the same date. Subsequently that portion of the indictment alleging two prior convictions for burglary with intent to commit theft was read to the jury.

In Ex parte Atkinson, 162 Tex.Cr.R. 546, 288 S.W.2d 89, this Court said:

"It is apparent that since the relator was convicted in both of the Trinity County cases on the same day, neither conviction could have preceded the commission of the offense in the other case and the two convictions could not constitute the basis for a prosecution as a third offender under Article 63, V.A.P.C. Ex parte Daniels [158 Tex.Cr.R. 2] 252 S.W.2d 586." See also Gammill v. State, 135 Tex.Cr.R. 52, 117 S.W.2d 790; 16 Tex.Jur.2d, Crim.Law, Sec. 406, p. 626.

In Gammill v. State, supra, this Court also said:

"It is observed that the two prior convictions in Cherokee County for forgery occurred on the same day. Hence only one of them could be relied on by the state

2. The paragraph in the charge complained of reads as follows:
"You are instructed that the indictment in this case having charged that the burglarious entry was made with the intent to commit the crime of theft, before you will be warranted in finding a verdict of guilty you must find from

the evidence, beyond a reasonable doubt, that the entry, if any, was made with the intent to commit the crime of theft." Such charge is in substantial compliance with the charges set forth in 4 Branch's Anno. P.C.2d, Sec. 2512, pp. 831, 832; Willson's Criminal Forms Anno. 7th Ed., Sec. 3484, pp. 422, 423.

to fix the status of an habitual criminal upon appellant and only one of such convictions had any place in the indictment. Ellis v. State, supra [134 Tex.Cr.R. 346, 115 S.W.2d 660]; Nunn v. State [133 Tex.Cr.R. 266], 110 S.W.2d 71."

We observe, however, that at the conclusion of the hearing on punishment the State, after offering evidence as to both prior convictions, did elect in the presence of the jury to dismiss paragraph three of the indictment, and the case was submitted to the jury under the provisions of Article 62, V.A.P.C.

Appellant's motion should have been granted and both paragraphs of the indictment alleging prior convictions occurring on the same date should not have been read to the jury. However, in view of subsequent events and the fact that the prior conviction alleged in said paragraph three was admissible as part of the appellant's "prior criminal record" (Article 37.07, supra), we perceive no reversible error.

We cannot agree that this ground of error is controlled by the decision in Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (dated Nov. 13, 1967). Burgett was tried prior to the effective date of the 1965 Code of Criminal Procedure. See Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. Further, the prior conviction (contained in paragraph three of indictment) here admitted into evidence was not constitutionally infirm as was the one in Burgett (lack of counsel).

■ As an additional ground for reversal appellant contends he was compelled to give evidence against himself when the State was permitted to introduce his fingerprints taken during the trial, without an order of the court, and without the presence of counsel.

It appears that while the jury was deliberating on the issue of guilt or innocence the District Attorney, in the absence of the Trial Judge, requested the consent of appellant's counsel to the taking of appellant's fingerprints. Upon his refusal the District Attorney instructed the officers to take the appellant, who was already in lawful custody, from the courtroom to the county jail for the purpose of making his fingerprint impressions.

This Court held in Gage v. State, 387 S.W.2d 679, that a defendant's fingerprints could be taken during the trial upon the request of the prosecutor and at the order of the trial court. In the case at bar, even though the fingerprinting was not done originally on the order of the Trial Judge, he sanctioned such action by admitting the prints taken into evidence. Similar contentions to appellant's have been urged, considered and overruled in De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668; Travis v. State, Tex.Cr.App., 416 S.W.2d 417; Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Dennison v. State, Tex.Cr.App., 399 S.W.2d 365. See also Green v. State, Tex.Cr.App., 408 S.W.2d 709. We do not find a violation of appellant's privilege against self-incrimination. See United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021; 8 Wigmore, Evidence, Sec. 2265 (McNaughton, Rev.1961). Appellant's eighth ground of error is overruled.

■ Appellant further contends that the State failed to prove that he was the same person previously convicted in Cause No. E–9691–I as alleged in the second paragraph of the indictment, which conviction was relied upon for enhancement under Article 62, V.A.P.C.

Proof was made in the manner approved by this Court by the introduction in evidence of certified copies of the judgment and sentence together with authenticated prison records and comparison of fingerprints that appellant had been convicted as alleged in the second paragraph of the indictment. See Hamilton v. State, Tex.Cr. App., 397 S.W.2d 225.

■ Further, we reject the claim that Officer McCarley of the McKinney City Police Department was not shown to be qualified as an expert on fingerprints. Officer McCarley testified that he had been a police officer for approximately 5 years and had served for 2½ years as identification officer for the City of McKinney Police Department; that he had attended Texas A & M University; that he was about to graduate from the Institute of Applied Science, Chicago, Illinois, in recording fingerprint impressions, identifying and classifying the same; that he had taken fingerprints of 1500 to 1700 persons and had classified the same number; that he had taken appellant's fingerprints and had compared them with fingerprints from authenticated prison records and was able to express an opinion thereon. Under such testimony the court did not abuse its discretion in holding Officer McCarley qualified to testify as a fingerprint expert. Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575; Stevenson v. State, Tex.Cr.App., 395 S.W.2d 626.

■ In this tenth ground of error appellant complains of the trial court's action in overruling his written objection to paragraph No. 3 of the court's charge on punishment. He contends that portion of paragraph No. 3 which reads, "It now becomes your duty to determine whether these allegations are true" relating to the prior conviction submitted to the jury shifted the burden of proof to the appellant and constitutes a comment upon the weight of the evidence. In reading the charge as a whole, we reject such contention.

■ Likewise, we reject appellant's claim that the trial court erred in ignoring his special requested charge and instructing the jury in the charge at the penalty stage of the proceedings that " * * * it has been determined, as provided by law, that the jury shall set the punishment herein" rather than informing them the appellant had elected or requested that the jury assess punishment. Under the provisions of Article 37.07, supra, in effect at time of appellant's trial, it was provided by law that the jury assess punishment when the accused so elects. The court's failure to inform the jury of the appellant's election or request does not present error. Appellant's eleventh ground of error is overruled.

■ In his last two grounds of error appellant complains of the jury argument of the County Attorney at the hearing on punishment. These grounds are presented by formal bills of exception. Appellant contends the County Attorney's argument which follows constituted a reference to the appellant's failure to testify:

"He's (the defendant) received two years and has been shown mercy under the law; that no redeeming quality has been brought forth and we submit. * * *"

And further

"and a criminal should not be allowed to run loose on streets anymore than a mad dog. We have a right to be protected, we submit. * * *"

The record reflects that appellant had received two years for a prior conviction and such evidence was before the jury. We cannot agree that either argument constitutes a comment, either direct or indirect, upon the appellant's failure to testify. Article 38.08, V.A.C.C.P.; Clark v. State, Tex. Cr.App., 362 S.W.2d 647. The trial court did not err in overruling appellant's objections to such argument on these grounds.

Finding no reversible error, the judgment is affirmed.

OPINION
ON APPELLANT'S MOTION
FOR REHEARING

MORRISON, Judge.

Appellant takes this Court to task for holding that there was no showing that the jury who tried him came from the jury

wheel which he claims was improperly filled. He calls our attention to the fact that the voir dire examination of the prospective jurors began as soon as the hearing on the motion to quash the panel was concluded. He contends this is sufficient without further identification to demonstrate that the jury which tried him came from the "infected" jury wheel.

At the hearing on the said motion to quash there was evidence that the "jury panel for the week" had been drawn from such jury wheel, but the said jury panel was not otherwise identified.

There is no subsequent evidence in this record in the form of voir dire examination, stipulations, or other testimony to identify any member of the jury which tried appellant as having been selected from the jury panel for the week briefly referred to in the testimony on said motion to quash or was drawn from the jury wheel claimed to have been improperly filled the preceding August.

If, however, appellant's contention be correct that the surrounding circumstances are sufficient to reflect that he was tried by a jury which came from the jury wheel in question, we conclude that no reversible error is shown.

Reliance is had upon Atwood v. State, 96 Tex.Cr.R. 249, 257 S.W. 563, which itself was based on Vasquez v. State, 76 Tex.Cr.R. 37, 172 S.W. 225. Appellant has failed to note that Vasquez v. State, supra, was severely limited by our far more recent holding in De Vault v. State, 159 Tex.Cr.R. 360, 264 S.W.2d 126. Though not mentioned in De Vault v. State, supra, Atwood v. State, supra, was necessarily also limited.

We concluded in the case at bar, as we did in De Vault, supra, that there is no showing here that effort was made by those preparing the list to place any name ahead of another, or that the manner in which the venire list was drawn resulted in harm to appellant. Cf. also Williams v. State, 164 Tex.Cr.R. 381, 298 S.W.2d 833.

We have examined appellant's other contentions on rehearing and have concluded that they were properly and sufficiently discussed in our original opinion.

Appellant's motion for rehearing is overruled.