**Johnny Harold GARNER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42235.**

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

**868**

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Scott Bradley, Malcolm Dade, Camille Elliott and James Finstrom, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the felony offense of driving while intoxicated; the punishment, five years.

The first ground of error challenges the sufficiency of the evidence to show that the appellant is the same person convicted of the misdemeanor offense alleged as an element of the felony offense.

The record evidence, introduced without objection, consisting of certified copies of the complaint, information and judgment of conviction in Midland County of Johnny Harold Garner for driving while intoxicated, the testimony of the county attorney who prosecuted the case, the admissions of the appellant to a district attorney pertaining to his conviction in Midland County of driving while intoxicated, and appellant's stipulation during the trial that his driver's license was suspended as a result of a conviction for driving while intoxicated in 1959, corresponds with and sufficiently supports the allegations of the prior misdemeanor conviction alleged.

Ground of error number two complains: "The trial court erred in admitting the record of the prior misdemeanor offense for the reason that the defendant in such prior trial was not represented by counsel nor was he advised that in the event he could not afford a lawyer that one would be appointed to represent him."

In making the record proof of the prior conviction, the following occurred:

"Mr. Bradley: At this time, Your Honor, the State will offer into evidence a packet of papers marked on the first sheet thereof as State's Exhibit 1 * * * (The complaint, information and judgment) and all of these papers are properly certified papers from the County Court in Midland County, Texas, and I believe *that Mr. Pasley (appellant's attorney) had previously examined these, but I will tender them again for his examination.*

"*(Whereupon, said exhibits so marked as requested were handed to counsel for the defendant.)*.

"*Mr. Pasley: No objection, Your Honor.*

"The Court: Let me see them.

"(Whereupon, said exhibits were handed to the Court by counsel.)

"The Court: All right. Admit them into evidence." (Emphasis added)

The judgment in the prior conviction recites in part:

"Both parties announced ready for trial and waived a trial by jury; and the Defendant, *after having been duly warned* by the Court *that he was entitled* to a jury trial, *to be represented by legal counsel,* and to have two days in which to prepare himself for trial, *waived all of such rights;*" (Emphasis added)

No issue was made at the trial as to counsel on the Midland County conviction. No indigency of the appellant appears at the time of the prior conviction.

Ground of error number two is overruled.

■ Error is urged on the ground that state's counsel was allowed to impeach appellant's witnesses by showing by them that they had changed residential addresses.

In light of the abundance of testimony, without objection, pertaining to the moving and changing of addresses and the explanation of the witnesses, no error is perceived.

■ Appellant, in his brief, urges error on the ground that requiring his fingerprints to be taken during the trial denied him a fair trial and an opportunity to test said evidence.

No objection was made at the time such evidence was introduced; and no request was made for a continuance in order to test said evidence. However, this method of taking fingerprints has been recognized. Harrington v. State, Tex.Cr.App., 424 S. W.2d 237.

■ The fifth ground urged as error is that the appellant was deprived of a fair trial when the prosecutor argued to the jury at the hearing on the issue of punishment that he had committed murder in another county.

The certified copies of the indictment, the judgment, showing a plea of guilty, and an order placing appellant on probation for murder without malice under Art. 802c, P.C., were admitted in evidence without objection at the hearing and are a sufficient basis for the argument complained of.

■ The last ground urged as error complains of the state's argument to the jury that the defense witnesses were influenced to change their testimony which deprived the appellant of his right to effective counsel.

This record has been examined and considered in the light of this contention, and it is concluded that no error is shown.

The judgment is affirmed.